IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIO ALEJANDRO CASTANEDA, <br> TDCJ No. 1978092, <br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, <br> Director, Texas Department of <br> Criminal Justice, Correctional <br> Institutions Division, <br> Respondent. | § § § § § § § § § § § § | EP-19-CV-363-FM |

## MEMORANDUM OPINION AND ORDER

Patricio Alejandro Castaneda petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1-1. Castaneda challenges Respondent Lorie Davis's custody over him based on his conviction for assault on a public servant in El Paso, Texas. For the reasons discussed below, the Court will, on its own motion, dismiss Castaneda's petition. The Court will additionally deny him a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

A grand jury indicted Castaneda for assault on a public servant, in violation of Texas Penal Code §§ 22.01(a)(1) and (b)(1). *Castaneda v. Davis*, EP-18-CV-181-FM, Clerk's R. (Cause Number 20100D04935, 41st Judicial District Court, El Paso County, Texas), p. 7 (Indictment), ECF No. 31-11. With the indictment, the State filed notice it would seek an enhanced punishment based on Castaneda's prior convictions for importing marijuana, in violation of 21 U.S.C. § 952, in *United States v. Castaneda*, EP-97-CR-825-H-1 (W.D. Tex. Mar. 16, 1998), and misprision of a felony, in violation of 18 U.S.C. § 4, in *United States v. Castaneda*, EP-03-CR-317-KC-2 (W.D. Tex. Mar. 1, 2010). *Id.*, pp. 28–29, 134–35, 142–43 (Notice of Enhancement and Habituation), ECF No. 31-11. Castaneda pleaded not guilty,

waived his right to a jury, and appeared before the trial court for trial.

At Castaneda's bench trial, the State called two witnesses: the victim, Officer Miguel Garza, and the victim's supervisor, Corporal Frank Hernandez. Garza testified he worked as a corrections officer at the El Paso County Jail Annex on October 3, 2010. *See Castaneda v. State*, 08-14-00192-CR, 2016 WL 4447576, at *1–*2 (Tex. App.—El Paso Aug. 24, 2016, pet. ref'd). He decided to write up Castaneda for crossing a yellow line and banging on a guard station window because he wanted a wrist band for commissary privileges. Garza also claimed Castaneda threatened him by saying "[w]hen I see you out there, I'm going to f—k you up." Garza said he attempted to handcuff Castaneda, but Castaneda resisted. Garza reported Castaneda turned around and hit him on his upper right side with his left forearm. Garza added he subsequently gained control of Castaneda with Hernandez's help and placed Castaneda in a cell for violent prisoners. Hernandez testified he saw Garza scuffle with Castaneda. Hernandez specifically recalled observing Garza's body move upward, as if he had been hit, during the interaction.

Castaneda was found guilty as charged on June 25, 2014. *Castaneda v. Davis*, EP-18-CV-181-FM, Clerk's R., p. 171 (J. of Conviction by Court—Waiver of Trial), ECF No. 31-11. Castaneda pleaded true to the two enhancements during the sentencing phase of his trial. Castaneda was sentenced to twenty-five years in the custody of the Texas Department of Criminal Justice.

On appeal, Castaneda complained (1) the evidence was legally insufficient to support his conviction, and (2) he was denied the effective assistance of counsel at the guilt/innocence phase of his bench trial. Castaneda maintained his trial counsel failed to advocate for him at trial; present a justification defense; argue for a lesser-included offense; or adequately present a closing argument. The Eighth Court of Appeals in El Paso overruled Castaneda's objections

and affirmed his conviction and sentence on August 24, 2016. *Castaneda*, 2016 WL 4447576, at *2–8.

Castaneda raised three issues in his state application for a writ of habeas corpus. *Castaneda v. Davis*, EP-18-CV-181-FM, WR-87,643-01, (Appl. for Writ of Habeas Corpus, Oct. 17, 2017), ECF No. 31-20. First, he claimed the judgment was void because the notice of enhancement and habituation mischaracterized his prior federal conviction for misprision of a felony as a felony. *Id.* at 1. Second, he maintained the trial court could not, under Texas law, use his prior federal convictions to enhance his state sentence. *Id.*, at p. 3. Finally, he asserted his counsel provided ineffective assistance by failing to investigate his criminal history and file appropriate motions based on the illegal sentencing enhancements. *Id.*, at p. 5. The Texas Court of Criminal Appeals denied his application without a written order on January 3, 2018. *Id.*, p. 1 (Action Taken, Jan. 3, 2018), ECF No. 31-16.

Castaneda raised five grounds for relief in a prior § 2254 petition attacking the same conviction filed on May 21, 2018. *Id.*, Pet'r's Pet., pp. 6–7, ECF No. 3. First, he claimed the judgment was void because the notice of enhancement and habituation mischaracterized his prior federal conviction for misprision of a felony as a felony. Second, he maintained his counsel provided ineffective assistance by failing to investigate his criminal history and file appropriate motions based on the illegal sentencing enhancements. Third, he asserted his counsel provided ineffective assistance by not challenging the legal sufficiency of the evidence. Fourth, he argued he was ineligible to receive the twenty-five-year sentence because the State mischaracterized his prior misdemeanor conviction for misprision of a felony. Finally, he insisted the indictment was flawed because it mischaracterized his prior conviction for misprision of a felony as a felony, and because his prior conviction for importation of marijuana could not be used for an enhancement of his state sentence.

The Court denied Castaneda's first two claims on the merits on July 24, 2019. *Id.*, Mem. Op. & Order, pp. 6–10, ECF No. 34. The Court dismissed his remaining claims because he failed to exhaust them in state court. *Id.* at pp. 10–11.

In his new § 2254 petition received on December 6, 2019 Castaneda asserts seven claims. Pet'r's Pet., pp. 6–8, ECF No. 1-1. First, he avers his right to counsel was effectively denied in his initial-review-collateral proceeding. Second, he asserts his counsel provided ineffective assistance when he failed to argue for a lesser sentence. Third, he contends he was subjected to double jeopardy because—due to the sentence enhancements—he was effectively punished twice for his federal offenses. Fourth, he maintains he was subjected to cruel and unusual punishment due to the excessive length of his sentence. Fifth, he contends the State violated his due process rights by sentencing him to twenty-five years in prison. Sixth, he asserts his counsel provided ineffective assistance when he failed to challenge the two witnesses for the prosecution at his trial. Finally, he claims his trial counsel was ineffective by failing to fight the State's error in mischaracterizing misprision of a felony as a felony for enhancement purposes. He asks the Court to reverse his conviction.

## APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). The AEDPA requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due

diligence." 28 U.S.C. § 2244(b)(2). More importantly, the AEDPA bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

"Although Congress did not define the phrase 'second or successive,' . . . the phrase does not simply 'refe[r] to all section 2254 applications filed second or successively in time.'" *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The Supreme Court permits a petitioner to pursue another petition without prior authorization from a court of appeals in three situations. First, a petitioner may proceed when he raises a claim which was not ripe at the time of his first application. *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007). Second, a petitioner may proceed when he raises a claim which was dismissed from his first application as premature but is now ripe. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998). Finally, a petitioner may proceed when he raises a claim which was previously dismissed for lack of exhaustion. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham*, 168 F.3d at 774 n.7 ("Under current law, however, it is clear that an application filed after a previous application was

-5-

fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

## ANALYSIS

The Court finds Castaneda clearly could have raised all of his claims in his latest petition in his prior petition. The Court fully adjudicated some of Castaneda's prior claims on their merits while it dismissed others because he failed to exhaust his state remedies. The Court notes Castaneda has made no effort to address his unexhausted claims in the state courts since he filed his first federal petition. *See* Pet'r's Pet, p. 3, ECF No. 1-1 (reporting Castaneda's state writ application was denied on December 14, 2016—well before his first § 2254 petition).

Castaneda relies on *Trevino v. Thaler*, 569 U.S. 413 (2013), to excuse his failure to exhaust his claims in state court. In *Trevino*, the Supreme Court held that where the state's procedural framework makes it highly unlikely that a defendant will have a meaningful opportunity to raise an ineffective-assistance-of-counsel claim on direct appeal, "[a] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 429. But *Trevino* was decided on May 28, 2013— well before Castaneda filed his first § 2254 petition attacking the same conviction on May 21, 2018. *Castaneda v. Davis*, EP-18-CV-181-FM, Pet'r's Pet., pp. 6–7, ECF No. 3. And Castaneda had a meaningful opportunity in his direct appeal to raise a claim that his trial counsel failed to advocate for him at trial; present a justification defense; argue for a lesser-included offense; or adequately present a closing argument. *See Castaneda*, 2016 WL 4447576, pp. 6–7. Castaneda also had a meaningful opportunity in his state writ application to assert that his counsel provided ineffective assistance by failing to investigate his criminal history and file

appropriate motions concerning the sentencing enhancements. *See Castaneda v. Davis*, EP-18-CV-181-FM, WR-87,643-01, p. 5 (Appl. for Writ of Habeas Corpus, Oct. 17, 2017), ECF No. 31-20. Hence, his reliance on *Trevino* is unavailing.

The Court concludes, therefore, that Castaneda's instant pleading is a successive § 2254 application within the meaning of the AEDPA. Moreover, because Castaneda has not shown the requisite authorization from the Fifth Circuit Court of Appeals, the Court also concludes it lacks jurisdiction to hear his claims. *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681–82. The Court must accordingly dismiss Castaneda's petition without prejudice to his re-filing, should he obtain proper approval from the Fifth Circuit.

## CERTIFICATE OF APPEALABILITY

The AEDPA also requires a certificate of appealability before an appeal may proceed with an appeal in this matter. 28 U.S.C. § 2253; *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). A circuit justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483–84 (internal quotations and citations omitted).

The Court concludes in this case that reasonable jurists would *not* find the Court's procedural ruling debatable. Consequently, the Court will not issue a certificate of appealability

from its decision.

## CONCLUSIONS AND ORDERS

Therefore, for the reasons discussed above, the Court concludes Castaneda's instant pleading is a successive § 2254 application within the meaning of the AEDPA. The Court further concludes that a certificate of appealability should not issue. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Patricio Alejandro Castaneda's "Petition for a Writ of Habeas Corpus by a Person in State Custody" 28 U.S.C. § 2254 (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Patricio Alejandro Castaneda is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 17 day of December 2019.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**